Filed 5/6/15  P. v. Littlejohn-Jones CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICAH LITTLEJOHN-JONES,<br><br>    Defendant and Appellant. | B258178<br><br>(Los Angeles County<br>Super. Ct. No. VA125384) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Lori Ann Fournier, Judge.  Affirmed as modified.

        Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

                                    _____

Defendant and appellant Micah Littlejohn-Jones appeals a judgment of conviction by plea. Under the terms of the plea agreement, Littlejohn-Jones pled no contest to one count of assault by means of force likely to cause great bodily injury, and admitted an infliction of great bodily injury enhancement (Pen. Code, §§ 245, subd. (a)(4); 12022.7, subd. (a)),[1] and received a total sentence of two years. As a result of time served, he was immediately released. Appointed counsel on appeal has filed an opening brief pursuant to the procedures approved in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm the judgment, with a minor modification.

## DISCUSSION

On April 25, 2012, then 28-year-old Micah Littlejohn-Jones attacked a 60-year-old fellow patient at Metropolitan State Hospital. The victim suffered injuries requiring stitches on the top of his head, eyebrow, and cheek.[2]

In November 2012, the People filed an information charging Littlejohn-Jones with one count of assault by means of force likely to cause great bodily injury, with a great bodily injury enhancement. (§§ 245, subd. (a)(4); 12022.7, subd. (a). The information further alleged that he had suffered a prior strike conviction, which also qualified as a prior serious felony conviction. (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i); 667, subd. (a)(1).) In December 2012, criminal proceedings were suspended when defense counsel declared a doubt as to Littlejohn-Jones' mental competence. (§ 1368.) There were a series of review hearings over the ensuing several months. In June 2013, the trial court declared Littlejohn-Jones incompetent to stand trial and placed him in Patton State Hospital for treatment. At a hearing in March 2014, the trial court found Littlejohn-Jones had been restored to sanity and mentally competent; the court reinstituted criminal proceedings and appointed the alternate public defender to represent him.

---

[1]   All further undesignated section references are to the Penal Code.

[2]   As noted, the current appeal arises from a plea. The facts summarized in this opinion are from the probation report.

Littlejohn-Jones entered a plea of no contest to the charged assault offense, and admitted the great bodily injury enhancement, in return for a two-year low term in state prison. At that time, the court informed Littlejohn-Jones that the punishment on the great bodily injury enhancement would be stricken.[3] The court accepted a waiver from Littlejohn-Jones's counsel as to the sentencing judge.[4]

The trial court sentenced Littlejohn-Jones to serve two years in state prison on his aggravated assault conviction in accord with the plea agreement. The court ordered $280 in restitution, a court security fee of $30 and an assessment fee of $40. The court granted credit for 663 days county jail time, plus 200 days from his Patton stay for total credits of 863 days. Thus, the court found that Littlejohn-Jones had already served time for his prison term and ordered him released subject to parole.

Littlejohn-Jones filed a timely notice of appeal, along with a certificate of probable cause, alleging a denial of the effective assistance of counsel based on his contention that he was not competent at the time he entered his plea or at the time of the offense.

We appointed counsel to represent Littlejohn-Jones on appeal. Appointed counsel filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, requesting independent review of the record on appeal for arguable issues. We notified Littlejohn-Jones by letter that he could submit any claim, argument or issues that he wished our court to review. He has not filed any claim or argument. We have independently reviewed the record on appeal,

---

**3**    At the sentencing hearing, the court did not impose sentence on the enhancement and the abstract of judgment does not reflect its disposition. Because the record shows Littlejohn-Jones admitted the strike offense during the plea agreement, with the understanding that it would be imposed and its punishment stricken, we find it appropriate to modify the abstract of judgment, as the current sentence is unauthorized. (*People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Price* (2004) 120 Cal.App.4th 224, 241.) The abstract should be corrected to reflect that a great bodily injury enhancement was admitted, imposed, and the punishment stricken.

**4**    See *People v. Arbuckle* (1978) 22 Cal.3d 749, 756-757.

and are satisfied that appointed counsel fulfilled her duty, and that no arguable issues exist.  (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed and the abstract of judgment is ordered modified as reflected in footnote 3 of this opinion.

BIGELOW, P. J.

We concur:

RUBIN, J.

FLIER, J.

4